IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-00638-PAB-MEH

KEVIN DETREVILLE,

Plaintiff,

v.

SERGEY GUREVICH, and
JULIE WEINHEIMER,

Defendants.

_____

**PLAINTIFF'S MOTION FOR CLARIFICATION AND/OR RECONSIDERATION OF ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**
_____

Plaintiff, by and through undersigned counsel, requests that the Court clarify and/or reconsider its Order denying Plaintiff's Motion for Partial Summary Judgment, as follows:

**CERTIFICATE OF CONFERRAL**

Undersigned counsel conferred with defense counsel regarding this motion. Defendants oppose the requested relief.

**INTRODUCTION**

This Court recently decided the parties' cross-motions for summary judgment, denying Plaintiff's Motion for Partial Summary Judgment and granting in part Defendants' Motion for Summary Judgment. Doc. 89. Although the Court found that the undisputed facts establish six of the elements for Plaintiff's claims (i.e., no probable cause, constitutionally protected activity, chilling effect, causation, favorable termination, and sustained damages), the Court denied Plaintiff's Motion in whole. In doing so, the Court concluded that it would not find particular elements of Plaintiff's claims to be established as a matter of

1

law because Plaintiff had raised requests for that relief only in his reply brief. *See* Doc. 89 at fn. 23, 27 (citing authority for the proposition that a party waives issues and arguments raised for the first time in a reply brief). However, Plaintiff **did request** that the Court find individual elements of his claims to be met as a matter of law in his original motion for summary judgment. *See* Doc. 71 at 2, 13, 15, 17, 18, 19, 20. It appears the Court may have inadvertently missed such requests in its original analysis and mistakenly penalized Plaintiff as a result. Respectfully, Plaintiff asks the Court to revisit its ruling in this regard.

To be clear, undersigned counsel fully accepts and respects the Court's critique that faults Plaintiff for failing to isolate and list all undisputed facts in the section of the brief that this Court's Practice Standards dictate, and Plaintiff accepts any resulting rebuke the Court wishes to impose for that mistake. Plaintiff acknowledges that the Court undertakes a cumbersome task when deciding summary judgment, especially cross-motions for summary judgment, which can be complicated by the failure to strictly abide by this Court's processes. Undersigned counsel takes full responsibility for their part in frustrating that difficult process by including additional facts bearing on these matters in the argument section of the briefs, without correspondingly updating the undisputed facts section. However, despite undersigned counsel's mistake in that regard, it appears that the Court went beyond excluding those facts from its analysis and refused to find any of the elements of his claims to be met as a matter of law, thereby denying Plaintiff's motion for summary judgment as a whole. Plaintiff humbly asks this Court to clarify and/or reconsider its ruling regarding the discrete issues for each claim, which the Court found in Plaintiff's favor. The parties and the Court all benefit from the judicial economy saved with the reduction of issues in dispute, and Plaintiff merely seeks to rely on this Court's determinations that certain elements have been met in limiting the scope of disputed issues that must be proven as the parties move forward toward trial.

## **LEGAL STANDARD**

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration. *See Hatfield v. Bd. of Cnty. Comm'rs for Converse Cnty.*, 52 F.3d 858, 861 (10th Cir. 1995). Instead, motions for reconsideration fall within the court's plenary power to revisit and amend interlocutory orders as justice requires. *See Paramount Pictures Corp. v. Thompson Theatres, Inc.*, 621 F.2d 1088, 1090 (10th Cir. 1980). In order to avoid the inefficiency which would attend the repeated re-adjudication of interlocutory orders, judges in this district have imposed limits on their broad discretion to revisit interlocutory orders. *See, e.g.*, *Montano v. Chao*, No. 07-cv-00735-EWN-KMT, 2008 WL 4427087, at *5-6 (D. Colo. Sept. 28, 2008) (applying Rule 60(b) analysis to the reconsideration of interlocutory order); *United Fire & Cas. Co. v. McCrerey & Roberts Constr. Co.*, No. 06-cv-00037-WYD-CBS, 2007 WL 1306484, at *1-2 (D. Colo. May 3, 2007) (applying Rule 59(e) standard to the reconsideration of the duty-to-defend order). Regardless of the analysis applied, the basic assessment tends to be the same: courts consider whether new evidence or legal authority has emerged or whether the prior ruling was clearly in error. *See Procopis v. Steepware LLC*, No. 22-CV-02621-PAB-NRN, 2024 WL 4135233, at *3 (D. Colo. Sept. 9, 2024) (granting in part plaintiff's motion for reconsideration of Order on Motion for Summary Judgment); *Alpenglow Botanicals, LLC v. United States*, 894 F.3d 1187, 1203 (10th Cir. 2018) ("a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law"); *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (finding motion to reconsider warranted where there is "the need to correct clear error or prevent manifest injustice").

## ARGUMENT

### I. Plaintiff Seeks Clarification Regarding the Court's Determination That the Arrest Lacked Probable Cause.

When analyzing the unlawful arrest claim for Plaintiff's Motion for Partial Summary Judgment, the Court concluded that "the interpretation of the meaning of the sign is an issue of law for the Court, not a factual issue for the jury." Doc. 89 at 16, n.14. The Court resolved this purely legal question in Plaintiff's favor, holding that "Officer Gurevich lacked probable cause to arrest Mr. Detreville under Colo. Rev. Stat. § 18-9-117." *Id.* at 18. Moreover, the Court acknowledged that Defendant Gurevich's "reasonable mistake" argument is inapplicable to the probable cause determination. *Id.*

In Plaintiff's Motion for Partial Summary Judgment, Plaintiff requested "judgment as a matter of law regarding the absence of probable cause and the unlawful arrest claim." Doc. 71 at 13; *see also id.* at 18 ("As such, the Court should hold, as a matter of law, that the arrest lacked probable cause."). Although the Court granted qualified immunity to Defendant Gurevich based on its conclusion that Defendant Gurevich committed a "reasonable mistake" (i.e., second prong of qualified immunity), the Court found a Fourth Amendment violation (i.e., first prong of qualified immunity) for the arrest. Because probable cause is a purely legal question that the Court resolved in Plaintiff's favor, Plaintiff requests clarification as to whether this purely legal issue will be presented to the jury at trial or whether the jury will be instructed that Mr. Detreville was arrested without probable cause. Unlike the elements for the First Amendment and malicious prosecution claims, the Court did not indicate in its Order that it would decline to hold as a matter of law that the arrest lacked probable cause. Therefore, Plaintiff requests that the Court clarify its Order and hold as a matter of law that Defendant Gurevich arrested Mr. Detreville without probable cause. Based on the Court's Order, this purely legal question should not be presented to a jury. *See Dupree v. Younger*, 598 U.S. 729, 735 (2023) ("The point of a trial, after all, is not to hash out

4

the law. Because a district court's purely legal conclusions at summary judgment are not 'supersede[d]' by later developments in the litigation, these rulings follow the 'general rule' and merge into the final judgment."). Plaintiff should be permitted to rely on the Court's legal determination in preparing his case for trial.

II. **Plaintiff Asks the Court to Reconsider Its Order Regarding Plaintiff's First Amendment and Malicious Prosecution Claims, Because Plaintiff Requested Judgment as a Matter of Law Regarding the Discrete Elements of Each Claim in His Motion for Partial Summary Judgment.**

   a. **First Amendment Retaliation**

In its Order, the Court determined that the undisputed facts show that "Mr. Detreville has established the first element of his First Amendment retaliation claim" (i.e., Mr. Detreville was engaged in constitutionally protected activity). Doc. 89 at 25-26. Similarly, the Court determined that the undisputed facts show that "Mr. Detreville has established the second element of his First Amendment retaliation claim" (i.e., Mr. Detreville's arrest without probable cause would chill a person of ordinary firmness from continuing to engage in that protected activity). *Id.* at 26-27. As to the third element, the Court determined that "a reasonable jury could conclude that Officer Gurevich's decision to arrest Mr. Detreville was not 'substantially motivated' in response to Mr. Detreville's exercise of First Amendment speech rights." *Id.* at 28.

Although the Court found the first two elements in Plaintiff's favor, the Court declined to rule that these elements are established as a matter of law for purposes of trial. *Id.* at 29, n.23. In the footnote discussing this decision, the Court cites to authority indicating that "a party waives issues and arguments raised for the first time in a reply brief." *Id.* (citing *Gutierrez v. Cobos*, 841 F.3d 895, 902 (10th Cir. 2016)). However, Plaintiff asks the Court to reconsider this conclusion because Plaintiff did not wait until the reply brief to request this specific relief; the requests originated in his Motion for Partial Summary

Judgment. Plaintiff made the following relevant requests in his original motion:

- "This Court should grant partial summary judgment to Plaintiff as to liability on the claims of unlawful arrest, malicious prosecution, and First Amendment retaliation, and/or on the various narrower included issues." Doc. 71 at 2.
- "Thus, Mr. Detreville was engaged in constitutionally protected activity as a matter of law." Doc. 71 at 14.
- "Accordingly, Plaintiff asks the Court to find, as a matter of law, that the injuries Defendant Gurevich caused Mr. Detreville to suffer would chill a person of ordinary firmness from filming the police performing their duties in public." *Id.* at 15.

Notwithstanding other concerns, the Court appears to have withheld judgment as a matter of law on these issues due to a belief that Plaintiff did not request the specific relief until his reply brief. But, as identified above, the specific relief was requested in Plaintiff's first brief on the issues. *See* Doc. 71 at 14-15. Accordingly, Plaintiff requests that the Court reconsider its Order, and hold that Plaintiff has established the first two elements of his First Amendment retaliation claim as a matter of law. Due to the lack of a genuine dispute regarding these elements, along with Plaintiff's proper request for specific relief in his opening brief, these resolved factual issues should not be presented to the jury at trial. *See* Fed. R. Civ. P. 56(g) ("If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact – including an item of damages or other relief – that is not genuinely in dispute and treating the fact as established in the case."). Significant risk of confusion, error, and prejudice could result if the issues this Court determined in Plaintiff's favor were presented to the jury for factual determination. Plaintiff should be permitted to rely on the law of the case determined by this Court.

    b. **Malicious Prosecution**

Plaintiff requests that the Court reconsider its determination of the malicious prosecution claim

for the same reason as the First Amendment claim. In its Order, the Court held that "it is undisputed that Mr. Detreville has established the first, second, third, and fifth elements of [his malicious prosecution] claim." See below:

> It is undisputed that Officer Gurevich arrested plaintiff on November 10, 2019, demonstrating that Officer Gurevich caused plaintiff's confinement. It is also undisputed that Mr. Detreville's criminal case was dismissed on March 2, 2020, thereby establishing that the criminal case terminated in his favor. Moreover, the Court previously found that the arrest was not supported by probable cause, thus establishing the third element. Finally, the Court finds that Mr. Detreville has established that he suffered damages because it is undisputed that Mr. Detreville spent three days in jail.

Doc. 89 at 29-30 (internal citations omitted). Regarding the malice element, the Court held that a reasonable jury could conclude that Officer Gurevich did not act with malice. Thus, Plaintiff is not presently requesting reconsideration of the malice element.

Although the Court found four of the elements in Plaintiff's favor, the Court declined to rule that these elements are established as a matter of law for purposes of trial. *Id.* at 33, n.27. In the footnote discussing this decision, the Court cites to authority indicating that "a party waives issues and arguments raised for the first time in a reply brief." *Id.* (citing *Gutierrez v. Cobos*, 841 F.3d 895, 902 (10th Cir. 2016). However, Plaintiff asks the Court to reconsider that holding because Plaintiff did not wait until the reply brief to request this specific relief; the requests originated in his Motion for Partial Summary Judgment:

- "This Court should grant partial summary judgment to Plaintiff as to liability on the claims of unlawful arrest, malicious prosecution, and First Amendment retaliation, and/or on the various narrower included issues." Doc. 71 at 2.

- "Accordingly, this Court should hold as a matter of law that Plaintiff has established the first element for the malicious prosecution claim." Doc. 71 at 18.

- "Thus, the undisputed facts show that Plaintiff is entitled to judgment as a matter of law with respect to the second element." *Id.*

7

- "As such, the Court should hold, as a matter of law, that the arrest lacked probable cause." *Id.*
- "Plaintiff respectfully requests this Court to find that he sustained damages, thereby establishing the fifth element for the malicious prosecution claim, as a matter of law." *Id.* at 20.

Without detracting from Plaintiff's failures in presenting undisputed facts to the Court, the Court appears to have withheld judgment as a matter of law on these issues due to a belief that Plaintiff did not request the specific relief until his reply brief. But, as identified above, the specific relief was requested in Plaintiff's opening brief. *See* Doc. 71 at 18-20. Accordingly, Plaintiff requests that the Court reconsider its Order, and hold that Plaintiff has established the first, second, third, and fifth elements of his malicious prosecution claim as a matter of law. Due to the lack of a genuine dispute regarding these elements, along with Plaintiff's proper request for specific relief in his opening brief, these resolved factual issues should not be presented to the jury at trial. *See* Fed. R. Civ. P. 56(g) ("If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact – including an item of damages or other relief – that is not genuinely in dispute and treating the fact as established in the case.").

## **CONCLUSION**

Based on the foregoing, Plaintiff respectfully requests that the Court clarify its Order regarding the absence of probable cause, and reconsider its Order regarding the discrete elements of Plaintiff's First Amendment and malicious prosecution claims. By holding that these issues have been established as a matter of law, only three issues remain for trial: (1) whether the arrest was substantially motivated by the protected activity, (2) whether Defendant Gurevich acted with malice, and (3) actual damages.

Dated this 24th day of October, 2024.

**s/ Zachary L. Shiffler**
Zachary L. Shiffler
Raymond K. Bryant

9

>                                             Civil Rights Litigation Group, LLP
>                                             1543 Champa St., #400
>                                             Denver, CO 80202
>                                             P:  720-515-6165
>                                             F:  303-534-1949
>                                             raymond@rightslitigation.com
>                                             zach@rightslitigation.com
>                                             *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 24th day of October, 2024, a true and correct copy of the foregoing **PLAINTIFF'S MOTION FOR CLARIFICATION AND/OR RECONSIDERATION OF ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** was electronically sent to the following:

Honor K. Moore
Andres Alers
Denver City Attorney's Office
Civil Litigation Section
201 W. Colfax Ave., Dept. 1108
Denver, Colorado 80202
P: (720) 913-3100
F: (720) 913-3155
Honor.moore@denvergov.org
Andres.alers@denvergov.org
*Attorneys for Defendants*

                                                                                  **s/ Zachary L. Shiffler**