IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 21-cv-00638-PAB-MEH

KEVIN DETREVILLE,

    Plaintiff,

v.

SERGEY GUREVICH, and
JULIE WEINHEIMER,

    Defendants.

## ORDER

This matter comes before the Court on Defendants' Motion to Stay Proceedings [Docket No. 96]. On November 25, 2024, plaintiff Kevin Detreville filed a response. Docket No. 98. On December 5, 2024, defendants Sergey Gurevich and Julie Weinheimer filed a reply. Docket No. 99.

### I. BACKGROUND

On September 30, 2024, the Court granted in part and denied in part defendants' motion for summary judgment and denied Mr. Detreville's partial motion for summary judgment. Docket No. 89. In its September 30 Order, the Court denied Mr. Detreville's partial motion for summary judgment on his unlawful arrest claim, First Amendment retaliation claim, and malicious prosecution claim against Officer Gurevich. *Id*. at 12–33. Mr. Detreville did not move for summary judgment on his claims against Officer Weinheimer. *Id*. at 12 n.9. On Mr. Deterville's unlawful arrest claim, the Court found that Officer Gurevich was entitled to qualified immunity because, although Officer

Gurevich lacked probable cause to arrest Mr. Detreville, he did have arguable probable cause. *Id*. at 23–24. Thus, the Court denied summary judgment for Mr. Detreville on his unlawful arrest claim. *Id*. The Court found that, while Mr. Detreville established that he was engaged in constitutionally protected activity, *id*. at 26, and suffered the requisite injury, *id*. at 27, on his First Amendment retaliation claim, it was disputed whether Officer Gurevich's arrest of Mr. Detreville was substantially motivated by Mr. Detreville's exercise of his First Amendment speech rights. *Id*. at 28. Therefore, the Court denied summary judgment for Mr. Detreville on his First Amendment retaliation claim. *Id*. at 28–29. On Mr. Detreville's malicious prosecution claim, the Court found that it was undisputed that Officer Gurevich caused Mr. Detreville's confinement, the original action terminated in favor of Mr. Detreville, there was no probable cause to arrest Mr. Detreville, and that Mr. Detreville sustained damages. *Id*. at 29. However, the Court found that it was disputed whether Officer Gurevich was motivated by malice. *Id*. at 32–33. Therefore, the Court denied Mr. Detreville's motion for summary judgment on his malicious prosecution claim. *Id*. For Mr. Deterville's First Amendment and malicious prosecution claims, Mr. Detreville requested that, if the Court declined to find for Mr. Detreville on his claims as a matter of law, the Court could nonetheless rule on those discrete elements of the claims that have been established as a matter of law. *Id*. at 29 n.23. Because Mr. Detreville raised this request for the first time in his reply brief, the Court declined to rule that discrete elements of Mr. Detreville's claims were established as a matter of law for purposes of trial. *Id*.

Further, in the Court's September 30 Order, the Court found that defendants were entitled to qualified immunity on Mr. Detreville's unlawful arrest claim and granted

summary judgment for defendants.  *Id*. at 34.  For Mr. Detreville's First Amendment retaliation claim, the Court found that is it was disputed whether defendants' decision to arrest Mr. Detreville was substantially motivated by Mr. Detreville's exercise of his First Amendment speech rights.  *Id*. at 36.  The Court also denied summary judgment for Officer Gurevich on Mr. Detreville's malicious prosecution claim against Officer Gurevich because it was disputed whether Officer Gurevich acted with malice.  *Id*. at 37.  The Court denied summary judgment for Officer Gurevich on Mr. Detreville's equal protection claim against him, *id*. at 42–43, but granted summary judgment for Officer Weinheimer on Mr. Detreville's equal protection claim against her.  *Id*. at 46.  The Court found that defendants waived their qualified immunity defense on Mr. Detreville's First Amendment retaliation claim, malicious prosecution claim, and equal protection claim because they failed to invoke the defense in their motion for summary judgment.  *Id*. at 33 n.28.

On October 24, 2024, Mr. Detreville filed a motion for reconsideration, Docket No. 90, asking the Court to clarify "whether the jury will be instructed that Mr. Detreville was arrested without probable cause," given the Court's holding that Officer Gurevich had arguable probable cause, but not probable cause, to arrest Mr. Detreville and was thus entitled to qualified immunity on Mr. Detreville's unlawful arrest claim.  Docket No. 90 at 4.  In his motion, Mr. Detreville also asks the Court to reconsider its denial of his summary judgment motion and its refusal to find discrete elements of Mr. Detreville's claims were established as a matter of law.  *Id*. at 5–8.  Mr. Detreville argues that he did not wait until his reply brief to request this relief.  *Id*.

3

On October 28, 2024, defendants appealed the Court's denial of their motion for summary judgment.  Docket No. 91.  Defendants argue on appeal that the Court erred in finding that defendants were not entitled to qualified immunity on Mr. Detreville's First Amendment retaliation claims against defendants and in finding that Officer Gurevich was not entitled to qualified immunity on Mr. Detreville's equal protection and malicious prosecution claims against Officer Gurevich.  *Detreveille v. Gurevich,* Case No. 24-1427 (10th Cir. Nov. 12, 2024), Docket No. 5 at 4–5.

## II.   ANALYSIS

Defendants claim that the Court was "divested of jurisdiction" when defendants filed their appeal and that proceedings in this case were "automatically stayed."  Docket No. 96 at 2.  Nonetheless, defendants filed their motion to stay "out of an abundance of caution."  *Id*.  Mr. Detreville argues that, although "the filing of a notice of appeal usually divests the district court of jurisdiction," the Court should nonetheless retain jurisdiction to rule on Mr. Detreville's motion for reconsideration.  Docket No. 98 at 2.  Mr. Detreville also argues that the Court "should certify Defendants' appeal as frivolous and permit the case to proceed to trial."  *Id*.

An interlocutory appeal from an order denying summary judgment based on qualified immunity "divests the district court of jurisdiction."  *Stewart v. Donges*, 915 F.2d 572, 576 (10th Cir. 1990).  Therefore, when defendants filed their interlocutory appeal, arguing that they are entitled to qualified immunity on specific claims, the Court was divested of its jurisdiction.  Moreover, in cases where the defendant appeals on qualified immunity grounds, "the divestiture of jurisdiction brought about by the defendant's filing of a notice of appeal is virtually complete, leaving the district court with

4

jurisdiction only over peripheral matters unrelated to the disputed right not to have [sic] defend the prosecution or action at trial." *Id*.

Mr. Detreville's motion to reconsider asks the Court to reconsider its holding that Mr. Detreville is not entitled to summary judgment on his First Amendment retaliation and malicious prosecution claims against Officer Gurevich and that he is not entitled to a finding on the discrete elements of such claims. Docket No. 90 at 5–8. Among other issues, Officer Gurevich argues on appeal that he is entitled to qualified immunity on Mr. Detreville's First Amendment retaliation and malicious prosecution. *Detreveille v. Gurevich,* Case No. 24-1427 (10th Cir. Nov. 12, 2024), Docket No. 5 at 4–5. These are the same claims that Mr. Detreville asks the Court to reconsider. The Tenth Circuit's ruling on defendants' appeal will thus directly impact the Court's findings on Mr. Detreville's motion to reconsider and, specifically, whether Mr. Detreville is entitled to summary judgment on his claim or any discrete element.[1] Therefore, the motion for reconsideration is not a "peripheral matter," but rather implicates defendants' "disputed right" to not have to "defend the prosecution or action at trial." *Stewart*, 915 F.2d at 576.

---

[1] In his motion, Mr. Detreville also asks the Court to clarify whether a jury would be instructed that defendants lacked probable cause to arrest Mr. Detreville. Docket No. 90 at 4–5. The Court found that defendants were entitled to qualified immunity on Mr. Detreville's unlawful arrest claim because – while they lacked probable cause– they had arguable cause to arrest Mr. Detreville, and that claim was dismissed with prejudice. Docket No. 89 at 23–24, 47. Because Mr. Detreville's unlawful arrest claim was dismissed with prejudice, a potential jury would not receive any instructions as to that claim, including an instruction to find that defendants lacked probable cause to arrest Mr. Detreville. To the extent that Mr. Detreville is asking to the Court to clarify whether it will find as a matter of law that Mr. Detreville was arrested without probable cause – which is a discrete element of Mr. Detreville's First Amendment retaliation claim – and instruct the jury of the same, the Court will not address this matter until the Tenth Circuit issues its ruling, for the reasons discussed above.

Furthermore, the Court finds that defendants' appeal is not frivolous.  A district court's finding that an appeal is frivolous would permit the Court to "retain jurisdiction and to proceed to trial absent intervention by the court of appeals."  *Id*.  However, there is a "high standard for demonstrating frivolousness."  *Jackson v. Besecker*, No. 15-cv-1182-JLK, 2016 WL 9632935, at *1 (D. Colo. Oct. 26, 2016).  Moreover, "[q]ualified immunity is a difficult issue, and one on which lower courts are routinely reversed."  *Sanchez v. Hartley*, No. 13-cv-1945-WJM-CBS, 2014 WL 5904755, at *1 (D. Colo. Nov. 13, 2014).  Mr. Detreville's contention that defendants' "waived arguments are not appealable," Docket No. 98 at 2, does not show that defendants' appeal "utterly lack[s] legal support."  *Howards v. Reichle*, No. 06-cv-01964-CMA-CBS, 2009 WL 2338086, at *4 (D. Colo. July 28, 2009).

Accordingly, the Court finds that it was divested of jurisdiction when defendants filed their notice of appeal.  As a result, the Court will grant defendants' motion to stay.  Administrative closure pursuant to D.C.COLO.LCivR 41.2 may be appropriate when a case would otherwise be stayed for an indefinite amount of time.  *See Garcia v. State Farm Mut. Fire & Cas. Co.*, No. 20-cv-02480-PAB-MEH, 2021 WL 4439792, at *6 (D. Colo. Sept. 27, 2021) (ruling that case should be administratively closed pursuant to D.C.COLO.LCivR 41.2 because the arbitration proceedings would last for an indefinite period of time).  Administrative closure is "the practical equivalent of a stay."  *sPower Dev. Co., LLC v. Colo. Pub. Utilities Comm'n*, No. 17-cv-00683-CMA-NYW, 2018 WL 5996962, at *4 (D. Colo. Nov. 15, 2018) (quoting *Quinn v. CGR*, 828 F.2d 1463, 1465 n.2 (10th Cir. 1987)).  Because this case will be stayed for an unknown period of time pending the Tenth Circuit's decision on the interlocutory appeal, the Court finds good

cause to administratively close this case pursuant to D.C.COLO.LCivR 41.2, subject to being reopened for good cause shown. The Tenth Circuit's ruling on the interlocutory appeal will constitute "good cause."

Accordingly, the Court will deny Plaintiff's Motion for Clarification and/or Reconsideration of Order Denying Plaintiff's Motion for Partial Summary Judgment. Docket No. 90; *see* D.C.COLO.LCivR 41.2 ("Administrative closure of a civil action terminates any pending motion."). Mr. Detreville may move to re-file the motion after the Tenth Circuit decides the interlocutory appeal.

### III. CONCLUSION

Therefore, it is

**ORDERED** that the Defendants' Motion to Stay Proceedings [Docket No. 96] is **GRANTED**. It is further

**ORDERED** that, pursuant to D.C.COLO.LCivR 41.2, this case is administratively closed. Either party may move to reopen the case for good cause. It is further

**ORDERED** that the parties shall file a **status report** with the Court within **21 days** of the Tenth Circuit's ruling in Case No. 24-1427. It is further

**ORDERED** that Plaintiff's Motion for Clarification and/or Reconsideration of Order Denying Plaintiff's Motion for Partial Summary Judgment [Docket No. 90] is **DENIED without prejudice**. It is further

**ORDERED** that the trial preparation conference set for January 10, 2025 and the jury trial set for January 27, 2025 are **VACATED.**

DATED December 24, 2024.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge

8